UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

REV. RUSSELL J. YOUNG,                                      6:14-cv-673-TC

                Plaintiff,

                                            FINDINGS & RECOMMENDATION

    v.

KRISTIE ALLISON, MISTY ALLISON

                Defendants.

COFFIN, Magistrate Judge:

    Pro se plaintiff, Russell Young, brings this action asserting claims for defamation and intentional infliction of emotional distress. Plaintiff moves to proceed *in forma pauperis* (IFP). A review of plaintiff's application reveals he is unable to afford the costs of litigation and his application (ECF #10) is therefore granted. However, the clerk shall not issue process as the case should be dismissed for failure to timely initiate this action.

    Plaintiff alleges that defendants made false police reports and falsified other public records, and induced witnesses to falsely testify against him resulting in harm to plaintiff via defamation and intentional infliction of emotional distress. The allegations arise from a criminal case against petitioner in which he eventually pleaded guilty to child molestation of one of the defendants. Plaintiff has not named any law enforcement officials in his complaint and has not raised any section

Page 1 - FINDINGS & RECOMMENDATION

1983 claims as a result. Plaintiff has not alleged the basis for this court's jurisdiction and, as noted, has not alleged a federal cause of action. The complaint indicates that the parties are of diverse citizenship. However, plaintiff has not alleged an appropriate amount in controversy for purposes of diversity jurisdiction. The complaint is thus subject to dismissal without prejudice for this reason. However, as discussed below, it is clear that plaintiff cannot avoid the statute of limitations for his alleged claims and thus this action should be dismissed with prejudice.

An action for defamation must be commenced with one year. O.R.S. § 12.120(2). An action for intentional infliction of emotional distress must be commenced within two years O.R.S. § 12.110(1).

To support his claims, plaintiff has submitted the police reports and witness statements from his criminal case. The complaint makes clear that the alleged tortious conduct and harm occurred in 1992. See, e.g., Complaint (ECF #1) at pp. 2-3 ("Petitioner thinks that if the information that Petitioner now has was given to Petitioner in 1992, he would have taken the case to trial."). Thus, even if some sort of discovery accrual rule applied to either of plaintiff's claims, given that plaintiff faced and pleaded guilty to criminal charges arising from the allegedly tortious conduct, the defamatory content of the police reports and other public records should have been discovered by a plaintiff exercising due diligence. See T.R. v. Boy Scouts of Am., 344 Or. 282, 296 (2008) (discovery accrual rule means that the time for commencing an action starts running when "(1) the plaintiff knows, or a reasonable person should know, that there is enough chance that the defendant had a role in causing the plaintiff's injury to require further investigation; and (2) an investigation would have revealed the defendant's role."). Nonetheless,

> the discovery rule was devised to apply to kinds of actions where the underlying wrong and its relationship to the injury are inherently resistant to prompt discovery. Defamatory comments at public meetings are so intrinsically susceptible to

Page 2 - FINDINGS & RECOMMENDATION

immediate discovery that it would be anomalous to apply the rule to actions based on them. To do so would, at the best, make somewhat more certain what is virtually inevitable, and the practical effect of doing so would generally be to add a day or two to the statutorily-prescribed limitation period rather than to serve the rule's purpose of preventing a right of action from becoming time-barred before the basis for the action can be known and the action brought.

Workman v. Rajneesh Foundation Intern., 84 Or.App. 226, 231-32 (1987). The same is true of alleged defamatory statements made about a defendant during the course of the criminal investigation against him where that investigation results in charges and a conviction. Accordingly, plaintiff's complaint must be dismissed for failure to timely file this action.

## CONCLUSION

For the reasons stated above, plaintiff's application for IFP status (ECF #10) is granted. However, this action should be dismissed, as time-barred, with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 17 day of July, 2014.

THOMAS M. COFFIN
United States Magistrate Judge

Page 3 - FINDINGS & RECOMMENDATION